(117 App. Div. 837)

### HURLEY v. ROBERTS.

(Supreme Court, Appellate Division, Second Department. March 1 1907.)

1. VENUE—CHANGE OF VENUE—GROUNDS—CONVENIENCE OF WITNESSES.

Where, because of a defective answer, the court is in doubt as to what issues defendant intends to try, a change of venue on his motion for convenience of witnesses is properly denied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, §§ 76, 77.]

SAME.

A change of venue for convenience of witnesses in support of a so-called counterclaim, which is so incomplete as to be no counterclaim, is properly denied.

Appeal from Special Term, Kings County.

Action by William S. Hurley against Jeremiah Roberts. From an order denying a motion to change the place of trial from Kings county to Rensselaer county for the convenience of witnesses, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, RICH, and MILLER, JJ.

John F. Murray, for appellant.
George Freifeld, for respondent.

GAYNOR, J. The complaint alleges that the defendant agreed to deliver to the plaintiff 800,000 bricks in the city of Troy on or before May 12th, 1905, but that he failed to deliver 144,250 thereof, to the plaintiff's damage $288. A second cause of action is that the plaintiff overpaid the defendant $190.50 on the contract.

Instead of meeting the complaint with a denial or denials, as the simple rules of pleading require (Code Civ. Proc. § 500), so that the issue could be readily seen, the answer is a long statement of facts, which has to be compared critically and patiently with the complaint to ascertain in what particular, if any, it differs therefrom. Near the end of the answer to the first cause of action the defendant "denies each and every statement" (meaning allegation) "contained in the first cause of action set forth in the complaint" (as though it could be set forth anywhere else) "not herein specifically admitted or denied," and there is a similar denial to the second cause. These are the only denials, except of any damage, or sum owing. The defendant's attorney evidently regards every allegation of fact which differs with the allegations of the complaint as a "specific" denial, and throws upon the court the work of

picking out such allegations, pen in hand. The learned judge below must have been in much doubt in respect of what issues the defendant understands are to be tried and intends to try, and of course he could not see whether proposed witnesses were material without understanding this. In addition to this there is a so-called counterclaim which is not complete in itself, and is no counterclaim, which the defendant's list of witnesses or some of them are to be called to prove. As the defendant can serve their convenience by leaving them at home, the venue does not need to be changed on their account.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur; HIRSCHBERG, P. J., and RICH, J., in result.